JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CHER BROTHERS

## DEFENDANTS

NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) VICKI PIONTEK
851 ALLENTOWN RD LANSDALE, PA 19446
877-737-8617

Attorneys (If Known) RICHARD A. KESSLER
1500 MARKET ST. WEST TOWER 41-5 FL
PHILA. PA 19102   215-735-8000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 21692 AND 47 USC 3 227

Brief description of cause:
ALLEGED VIOLATION OF FDCPA AND TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE:                    DOCKET NUMBER:

DATE: 11/25/2011

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**JP**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

CHER BROTHERS                          :        CIVIL ACTION
                                       :
        v.                             :
                                       :
NCO FINANCIAL SYSTEMS, INC             :     **11    7317**
                                                NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)


___11/28/2011___        ___RICHARD A. KESSLER___        ___NCO FINANCIAL SYSTEMS___
**Date**                **Attorney-at-law**             **Attorney for**

___215-735-8000___      ___215-735-3366___             ___RKESSLER@KESSLERLAW.US___
**Telephone**           **FAX Number**                 **E-Mail Address**


(Civ. 660) 10/02

NOV 2 7 2011

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: %o ADNTEK, 951 ALLENTOWN RD, LANSDALE, PA 19446

Address of Defendant: 507 PRUDENTIAL RD, HORSHAM, PA 19044

Place of Accident, Incident or Transaction: MONTGOMERY COUNTY, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) 480 CONSUMER CREDIT

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

NOV 25 2011

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

✔ Relief other than monetary damages is sought.

DATE: 11/25/2011     _____     27859
                     Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/25/2011     _____     27859
                     Attorney-at-Law     Attorney I.D.#

CIV. 609 (6/08)



$350.00

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

CHER BROTHERS

        Plaintiff,

    vs.                          Case No. 7317

NCO FINANCIAL SYSTEMS, INC.

        Defendant.

_____

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, NCO Financial Systems, Inc., ("NCO"), which hereby removes from the Court of Common Pleas of Montgomery County, Pennsylvania, the following described lawsuit, and respectfully states as follows:

1.     NCO is the only defendant in the civil action filed by plaintiff, Cher Brothers, in the Court of Common Pleas of Montgomery County, Pennsylvania, captioned as _Cher Brothers v. NCO Financial Systems, Inc._, Case No. 2011-25299 (hereinafter the "State Court Action").

2.     Pursuant to 28 U.S.C. §§ 1441 and 1446, NCO removes the State Court Action to this Court, which is the federal judicial district in which the State Court Action is pending.

3.     The complaint in the State Court Action (hereinafter the "State Court Action Complaint") asserts claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 _et. seq._

4.      Removal of the State Court Action is proper under 28 U.S.C. § 1441.  If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiff's FDCPA claims per 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

5.      Pursuant to 28 U.S.C. § 1446(b), NCO has timely filed this Notice of Removal.  Plaintiff's Complaint was served on October 26, 2011.  This Notice of Removal is filed within 30 days of receipt of the State Court Action Complaint by NCO and is, therefore, timely filed under 28 U.S.C. § 1446(b).

6.      A copy of all process, pleadings and orders served upon NCO in the State Court Action is being filed with this Notice and is attached hereto as Exhibit A.

WHEREFORE, NCO Financial Systems, Inc., removes the case styled *Cher Brothers v. NCO Financial Systems, Inc.*, Case No. 2011-25299, from the Court of Common Pleas of Montgomery County, Pennsylvania, on this 25th day of November 2011.


                              Respectfully Submitted,


                              /s/ Richard A. Kessler
                              _____
                              Richard A. Kessler, Esquire
                              PA ID # 27859
                              Richard A. Kessler & Associates
                              1500 Market Street, 41st Floor
                              Philadelphia, PA 19102
                              (215) 735-8000
                              F:  (215) 735-3366

CERTIFICATE OF SERVICE

I certify that on this 25th day of November 2011, a copy of the foregoing Notice of Removal was filed electronically via the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and by e-mail, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Vicki Piontek, Esquire
Vicki.lawyer@gmail.com

/s/ Richard A. Kessler
Attorney for NCO Financial Systems, Inc.

3

# EXHIBIT

# "A"

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Cher Brothers<br>1020 Centerville Road<br>Newville, PA 17241, | : <br> : <br> : <br> : | 2011-25299 |
| | Plaintiff | : |
| Vs. | | : |
| NCO Financial Systems<br>507 Prudential Road<br>Horsham, Pennsylvania, 19044<br>and<br>John Does 1-10 | | : <br> : <br> : <br> : <br> : | Jury Trial Demanded |
| | Defendant(s) | : |

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

MAIL RECEIVED
NCO Financial Systems

2011 OCT -7 A 9 01

Cher Brothers                          :
1020 Centerville Road                  :
Newville, PA 17241,                    :        2011-25299
                          Plaintiff    :
Vs.                                    :
NCO Financial Systems                  :
507 Prudential Road                    :
Horsham, Pennsylvania, 19044           :        Jury Trial Demanded
and                                    :
John Does 1-10                         :
                          Defendant(s) :

## COMPLAINT

## INTRODUCTION

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s)'
    alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.
    (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt
    Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA).



2011-25299-0003
10/7/2011 3:01:50 PM
Receipt # 21359007
Complaint in
Fee    $0.00
Mark Levy - Montgomery County Prothonotary

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Cher Brothers, an adult individual with a current address of 1020 Centerville Road, Newville, PA 17241.

8. Defendant is NCO Financial Systems, a business entity engaged in the practice of debt collection throughout the United States, with a business address including but not limited to 507 Prudential Road, Horsham, Pennsylvania, 19044.

9. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE:  VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

11. The previous paragraphs are incorporated by reference and made a part of this complaint.

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227

(TCPA), in response to a growing number of consumer complaints regarding certain

telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or

"autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the

use of autodialers to make any call to a wireless number in the absence of an emergency

or the prior express consent of the called party.

14. 47 U.S.C. § 227(b) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> (1) **Prohibitions**
> It shall be unlawful for any person within the United States, or
> any person outside the United States if the recipient is within
> the United States-
> (A) to make any call (other than a call made for emergency
> purposes or made with the prior express consent of the called
> party) using any automatic telephone dialing system or an
> artificial or prerecorded voice---
> ***
> (iii) to any telephone number assigned to a paging service,
> cellular telephone service, specialized mobile radio service, or
> other radio common carrier service, or any service for which
> the called party is charged for the call;

**(3) Private right of action**
A person or entity may, if otherwise permitted by the laws or
rules of court of a State, bring in an appropriate court of that
State---
(A) an action based on a violation of this subsection or the
regulations prescribed under this subsection to enjoin such
violation,
(B) an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such
violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly
violated this subsection or the regulations prescribed under
this subsection, the court may, in its discretion, increase the
amount of the award to an amount equal to not more than 3
times the amount available under subparagraph
(B) of this paragraph.

15. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and

prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are

permitted only if the calls are made with the "prior express consent" of the called party. *In*

*the Matter of Rules and Regulations Implementing the Telephone Consumer Protection*

*Act of 1991 ("FCC Declaratory Ruling")*, 23 F.C.C.R. 559, 23 FCC Rcd. 559,43

Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

16. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

wireless number was provided by the consumer to the creditor, and that such number was

provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23

F.C.C.R. at 564-65 (10).

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

19. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

20. At a certain time, prior to 2011, Plaintiff engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

21. Plaintiff's account went into collections, and the account was referred to Defendant(s) for the purpose of collection.

22. At no time did Plaintiff provide Defendant(s) with Plaintiff's cell phone number.

23. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

24. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received one or more calls from Defendant on Plaintiff's cellular phone.

25. It is believed and averred that Defendant(s) used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

26. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

27. 47 U.S.C. § 227(b)(1)(A) defined an "automatic dialing system" as follows.

> (a) Definitions
> As used in this section -
> (1) The term "automatic telephone dialing system" means equipment which has the capacity -
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers.

28. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

29. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

30. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

32. Plaintiff did not provide "express consent" allowing Defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

33. Plaintiff did not list a cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt.

34. Plaintiff did not verbally provide Defendant(s), or any other party, with a cellular phone number at any time during the transaction that resulted in the Purported Debt, or thereafter.

35. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

36. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## COUNT TWO:   VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 f, et. seq.

37. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

38. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

39. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

40. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

41. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

42. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

## LIABILITY

43. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

44. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

45. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

46. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

47. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

48. Any mistake made by Defendant would have included a mistake of law.

49. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

50. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

51. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

52. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k.

53. Plaintiff believes ad avers that Plaintiff is entitled to at least $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

54. Plaintiff believes and avers that there was at least 20 separate automated telephone calls from Defendant(s) to Plaintiff's cell phone, thereby warranting $10,000 in statutory damages.

55. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

## ATTORNEY FEES

56. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

57. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

58. Plaintiff's attorney fees of $1,225 at a rate of $350.00 per hour, are enumerated below.

a.  Consultation with client                                                    .5

b.  Drafting, editing, review, filing
    and serving complaint and related documents            1

c.  Follow up With Defense                                              2
                                                                  _____
                                                                  3.5  x $350 = $1,225

59. Plaintiff's attorney fees continue to accrue as the case move forward.

**60.** The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

61. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

62. Plaintiff seeks injunctive relief barring further unlawful collection activity.

63. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

64. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $12,226.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$10,000 statutory damages under TCPA

$1,225.00 attorney fees

———————————————

$12,226

Plaintiff seeks such other relief as the Court deems just and fair.

Vicki Piontek, Esquire
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

Date  10/6/2011

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Cher Brothers<br>1020 Centerville Road<br>Newville, PA 17241, | : <br> : <br> : | |
| Plaintiff | : | |
| Vs. | : | |
| NCO Financial Systems<br>507 Prudential Road<br>Horsham, Pennsylvania, 19044<br>and<br>John Does 1-10 | : <br> : <br> : <br> : <br> : | Jury Trial Demanded |
| Defendant(s) | : | |

**VERIFICATION**

I, Cher Brothers, have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.

_Cher Brothers_ 10/3/11
Cher Brothers            Date